# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SOUMAORO MOUSSA, <br> A# 213 473 751, <br><br> Petitioner, <br><br> V. <br><br> ANDREW HURON, Officer in Charge, <br> at South Texas Processing Center; <br> JOSE M. CORREA, SR.,[1] Field Operations <br> Director, ICE DRO; MATTHEW T. <br> ALBENCE, Acting Director of ICE DRO; <br> THOMAS S. WINKOWSKI, Assistant <br> Secretary of ICE; and CHAD WOLF, <br> Acting Secretary of the Department of <br> Homeland Security, <br><br> Respondents. | § § § § § § § § § § § § § § § § § § § § | CIVIL NO. SA-20-CA-0672-FB |

## ORDER OF DISMISSAL

Before the Court is the 28 U.S.C. § 2241 Habeas Corpus Petition filed by Soumaoro Moussa ("Petitioner"), who challenges his detention pending removal by the Bureau of Immigration and Customs Enforcement ("ICE"). (ECF No. 1). On June 9, 2020, Respondents filed a Motion to Dismiss, stating that Petitioner was subject to removal pursuant to 28 U.S.C. § 1252. (ECF No. 9). On July 31, 2020, Respondents filed a Supplement to their Motion to Dismiss, stating that on July 21, 2020, Petitioner was, in fact, removed from the United States. (ECF No. 10).

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980) (internal citation omitted). A federal court has jurisdiction to issue a writ of habeas corpus only if

---

[1] The Court substitutes Jose M. Correa, Sr. in place of Daniel Bible as Field Office Director.

the petitioner is "in custody." *See* 28 U.S.C. § 2241. While physical detention is not required for a petitioner to meet the custody requirement and obtain habeas relief, *Rumsfeld v. Padilla,* 542 U.S. 426, 437 (2004), before a court can exercise habeas jurisdiction over a petitioner no longer in custody, "the petitioner must demonstrate that . . . his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Zalawadia v. Ashcroft,* 371 F.3d 292, 296 (5th Cir. 2004). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended [detention] -- a 'collateral consequence of the conviction.'" *Id.* at 297 (quoting *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)).

In the present case, Petitioner failed to respond to the Motion to Dismiss and has not otherwise demonstrated that he continues to present a case or controversy under Article III, § 2 of the Constitution. *See Zalawadia,* 371 F.3d at 296. Accordingly, Respondents' Motion to Dismiss (ECF No. 9) is **GRANTED** and Petitioner's 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

It is so ORDERED.

SIGNED this 6th day of August, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE